UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE MERVYN MOGUEL,<br><br>    Plaintiff,<br><br>v.<br><br>LARSSON, et al..<br><br>    Defendants. | No.  2:22-cv-1082 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff has stated some cognizable claims, and gives plaintiff an opportunity to either amend his complaint or proceed on the cognizable claims in his current complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

   **A. Allegations of the Complaint**

Plaintiff is an inmate at the California Medical Facility. He complains of conduct that occurred when he was incarcerated at California State Prison-Sacramento ("CSP-Sac") in 2021. Plaintiff identifies eighteen defendants.

Plaintiff alleges the following. In December 2021, he was a participant in the Enhanced Outpatient Program, which he describes as a program for inmates who are "gravely mentally disabled," and housed in the Psychiatric Services Unit ("PSU"). On December 10, 2021, petitioner swallowed a "sharp metal object" in a suicide attempt. He was immediately taken to be medically evaluated. He was evaluated by Nurse Lung and psychologically evaluated by Psychologist Arya. Neither defendant ordered X-rays, extraction of the metal objection, or crisis intervention. They sent plaintiff back to his PSU cell. As a result, plaintiff states that he suffered stomach pain, bleeding from his mouth, and mental anguish.

////

Nurse Stella and Correctional Officer Moreno witnessed plaintiff's bleeding and summoned Correctional Sergeant Larsson. Plaintiff told Larsson he was suicidal and had swallowed a mental object. Before Larsson took plaintiff to the medical triage unit, Stella told him that defendant Arya was already aware of plaintiff's condition and had cleared plaintiff to teach him a lesson about swallowing things.

At the medical triage unit, Nurse Steve told plaintiff that he would not evaluate him because Arya had already determined that plaintiff needed to be taught a lesson. Arya again cleared plaintiff to return to his cell without treating him.

After he was returned to his cell, plaintiff swallowed a second "sharp metal object." The evening of December 11, he told Nurse Somo that he had done so. Somo had plaintiff fill out a request for medical services but told him if he mentioned anything besides stomach pain, Somo would not submit it.

Two days later, plaintiff begin to bleed from his rectum. He was taken to medical triage by Correctional Officers Cain and Barllet. Plaintiff told Nurse Moly and Psychologist Muau he was suicidal and had swallowed the objects. Moly told him he needed to be taught a lesson. Neither defendant treated plaintiff and he was sent back to his cell.

On December 14, plaintiff again told Cain and Barllet he was suicidal. They did not do anything in response. Later, plaintiff asked to see Psychologist Corrzaga. Corrzaga came to plaintiff's cell. Plaintiff told Corrzaga he had been suicidal for four days, had swallowed sharp metal objects, and was discharging blood. Corrzaga did nothing.

Psychiatric Technician Cornell and Social Worker Brooks then came by plaintiff's cell. Plaintiff told them the same thing he had told Corrzaga. Brooks said he would arrange for plaintiff to be taken to medical triage. When he was taken to the triage area, he was evaluated by Nurse Brenda, who arranged for plaintiff to be taken to an outside hospital. There, the metal objects were removed by a scope. When plaintiff was returned to CSP-Sac, he was placed in a crisis bed for suicide prevention.

Plaintiff contends that due to the delay in medical treatment, he suffered permanent damage to his stomach lining.

**B. Does Plaintiff State Claims Cognizable under Section 1983?**

To allege an Eighth Amendment violation in the medical context, plaintiff must show that he had a serious medical need and that a defendant responded to that need with deliberate indifference. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). To prove that a delay in medical care violated the Eighth Amendment, plaintiff must also show that he suffered injury as a result of defendants' conduct. Id.

Plaintiff alleges facts showing that defendants Lung, Arya, Steve, Moly, Muau, and Corrzaga were medical personnel who all knew plaintiff had swallowed one or two sharp metal objects and was suicidal but failed to do anything in response. Plaintiff has sufficiently alleged Eighth Amendment claims against each of these defendants. Plaintiff also shows that defendant Somo delayed plaintiff's ability to get medical attention for swallowing the metal objects. Plaintiff has also sufficiently alleged a claim against Somo.

Plaintiff's allegations are insufficient to state an Eighth Amendment claim against any of the remaining defendants. Defendants Stella, Moreno, Larsson, Brooks, and Brenda all helped plaintiff get medical help. Defendants Cain and Barllet summoned help at one point. While plaintiff contends they did not help him the second time he informed them that he was suicidal, plaintiff was seen that same day by Psychologist Corrzaga. Plaintiff fails to show that Correctional Officers Cain and Barllet caused him any harm. While plaintiff mentions defendant Cornell, he does not allege what Cornell did or did not do. Finally, while he initially identified them as defendants, plaintiff does not mention Molina, Majian, or Joseph in his description of his claim.

**CONCLUSION**

This court finds above that plaintiff has stated cognizable Eighth Amendment claims against defendants Lung, Arya, Somo, Steve, Moly, Muau, and Corrzaga. This court further finds that plaintiff has failed to state any other claims.

Plaintiff has a choice. He may proceed on his claims against Lung, Arya, Somo, Steve, Moly, Muau, and Corrzaga or he may amend the complaint to attempt to also state other claims.

Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has stated cognizable Eighth Amendment claims against defendants Lung, Arya, Somo, Steve, Moly, Muau, and Corrzaga.

4. Plaintiff's other claims are dismissed with leave to amend.

5. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.  If plaintiff chooses to proceed on his cognizable claims, he shall confirm that he is voluntarily dismissing all other claims and defendants.

6. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

////

////

////

////

     7.  Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: July 20, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/mogu1082.scrn lta or proceed

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE MERVYN MOGUEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LARSSON, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-1082 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_　Plaintiff wants to proceed immediately on his Eight Amendment medical claims against defendants Lung, Arya, Somo, Steve, Moly, Muau, and Corrzaga.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_　Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Plaintiff, Tyrone Mervyn Moguel, Pro Se

9