TYRONE MERVYN MOGUEL JR. AV4609
Name and Prisoner/Booking Number

CSP- CORCORAN
Place of Confinement

P.O. BOX 3461
Mailing Address

CORCORAN, CA 93212
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**

MAR - 1 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE MERVYN MOGUEL
(Full Name of Plaintiff)              Plaintiff,

v.

(1) RAMADAN ARYA
(Full Name of Defendant)

(2) THEKKAKARA MOLY

(3) STEVEN PETERS

(4) ALYSSIA SUMOVIC

                    Defendant(s).

☑ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-CV-1082 DB
(To be supplied by the Clerk)

" DEMAND FOR JURY TRIAL "

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☑ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

    ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

    ☑ Other: AMERICA WITH DISABILITY ACT OF 1990 SECTION 504 OF
    THE REHABILITION ACT OF 1973 = INSTITUTIONALIZED
    PERSONS ACT 42 U.S.C. § 1997

2.  Institution/city where violation occurred: _____ CSP- SACRAMENTO

DEFENDANTS CONTINUE

(5) LORI CHESTER

(6) MICHEAL AXELMAN

(7) MATTHEW MCGRIIFEN

(8) SPARKS

PAGE 1-A

## B. DEFENDANTS

1. Name of first Defendant: ANRA RAMADAN _____. The first Defendant is employed as:
   PRIMARY CARE PROVIDER ____ at _CSP - SACRAMENTO____.
   (Position and Title)          (Institution)

2. Name of second Defendant: LORI CHESTER _____. The second Defendant is employed as:
   ➤ REGISTERED NURSE ____ at _CSP-SACRAMENTO____.
   (Position and Title)          (Institution)

3. Name of third Defendant: MATTHEW McGRIIGEN _____. The third Defendant is employed as:
   CLINICAL SOCIAL WORKER ____ at _CSP - SACRAMENTO____.
   (Position and Title)          (Institution)

4. Name of fourth Defendant: ALLYSSIA SUMOVIC _____. The fourth Defendant is employed as:
   LICENSED VOCATIONAL NURSE ____ at _C-SP - SACRAMENTO____.
   (Position and Title)          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☑ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

B. DEFENDANTS CONTINUE:

5) DEFENDANT - THEKKEKARA MOLY - REGISTERED NURSE - CSP - SACRAMENTO

6) DEFENDANT - SPARKS- DR - CSP - SACRAMENTO

7) DEFENDANT - STEVEN PETERS - REGISTERED NURSE - CSP - SACRAMENTO

8) DEFENDANT - MICHEAL AXELMAN - PSYCHOLOGIST - CSP - SACRAMENTO

PAGE 2-A

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: Discrimination based on mental disability AND Deliberate indifference indifference To Serious medical NEED IN VIOLATION of 6th; 8th; And 14th AMENDMENT U.S. CONSTITUTIONAL rights OF Prisoners:

2. **Claim I.** Identify the issue involved. **Check only one.** State additional issues in separate claims.

- ☐ Basic necessities
- ☐ Mail
- ☐ Access to the court
- ☐ Medical care
- ☐ Disciplinary proceedings
- ☐ Property
- ☐ Exercise of religion
- ☐ Retaliation
- ☐ Excessive force by an officer
- ☐ Threat to safety
- ☒ Other: MEDICAL / MENTAL CARE

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

(1.) Throughout ALL Times mentioned herein Plaintiff was A participant in the California Department of Corrections and Rehabilitation (CDCR) Mental Health services Delivery system (MHSDS) At the enhanced out patient /EOP) Level of CARE Confined in the PSYCHEATRIC services unit (PSU). WHERE EOP IS A SPECIAL program for prisoners Who ARE GRAVELY mentally DESABLED UNABLE To CARE for Themselves I, A GENERAL population SETTING. PSU IS DESIGNED for E.O.P prisoners serving A SECURITY HOUSING UNET (SHU) Term Term for DESCEPLENARY REASONS.

(2.) ON DECEMBER 16th 2021 PLAINTIFF SWALLOWED A SHARP METAL OBJECT IN SUICIDE ATTEMPT, AND ALMOST IMMEDIATELY THEREAFTER PLAINTIFF was TAKEN To BE MEDICALLY EVALUATED BY DEFENDANT RN. LORI CHESTER AND PSYCHOLOGICALLY ASSESSED By DEFENDANT McGRIFFEN MATTHEW, And DEFENDANT LORE CHESTER INFORMED PLAINTIFF THAT DR DEFENDANT DR. ARYA INSTRUCTED HER To WATCH ME For (2) HOURS AND THEN CLEARED ME BACK To MY CELL STATING THAT DR ARYA IS TEACHING YOU A LESSON ABOUT SWALLOWING THINGS. I TOLD RN. LORE MY STOMACH ACHED AND I NEEDED A X-RAY PER POLICY IF THERES NOT A X-RAY TECH ON GROUNDS I HAVE TO BE SENT To AN OUSIDE FACELETY OR HOSPITAL CONTRACTED WITH (CDCR) AS THIS IS EMERGENT MEDICAL SITUATION. DEFENDANT RN. LORI STATED "I DON'T GIVE A FUCK I WANT TO GO HOME MY SHIFT IS ALMOST OVER AND DR. ARYA SAID HE'll HAVE SOMEONE CHECK ON YOU FOR THE NEXT (5) FIVE DAYS

( SEE ATTATCHMENTS )

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
SUICIDAL TREND AND ATTEMPT; MENTAL AND EMOTIONAL ANGUISH STOMACH AND DIGESTIVE PAIN, DAMAGE, DISCOMFORT, BLEEDING, AND TEARING :

5. **Administrative Remedies:**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes    ☐ No

   b. Did you submit a request for administrative relief on Claim I?     ☒ Yes    ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level?     ☒ Yes    ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

CLAIM ONE

SUPPORTING FACTS CONTINUE:

PLAINTIFF WAS DISCHARGED BACK TO PSU HOLDING CAGE WHERE DEFENDANT MCGRIFEN

MATTHEW CONDUCTED A MENTAL HEALTH ASSESSMENT. PLAINTIFF TOLD MCGRIIFEN THAT

I WAS SUICIDAL WITH A PLAN AND THAT I HAD SWALLOWED A SHARP PIECE OF METAL

AND I WANTED TO KILL MYSELF. DEFENDANT MCGRIFFEN TOLD PLAINTIFF "SO WHAT KILL

YOURSELF I'M CLEARING YOU BACK TO YOUR CELL." BOTH DR. ARYA AND SOCIAL WORK MCGRIFEN

BOTH ORDERED PLAINTIFF REHOUSED BACK TO PSU CELL WITHOUT X-RAY, EXTRACTION OF THE

INJESTED METAL, OR CRISES, INTERVENTION (I.E.) (SUICIDE WATCH). FOR SUICIDE PREVENTION.

(3)  THROUGHOUT THE EVENING AND NIGHT OF DECEMBER 10th, 2021 PLAINTIFFS STOMACH CHURN,

HURT AND PAINED. BY MORNING OF DECEMBER 11th, 2021 PLAINTIFF COMMENCE DISCHARGE OF

BLOOD FROM THE MOUTH. AT AM MED PASS PLAINTIFF TOLD DEFENDANT STELLA, NERI AND DEFENDANT

MORENO THAT I WAS SUICIDAL WITH A PLAN TO KILL MYSELF AND I HAD SWALLOWED A SHARP

PAGE 3-A ATTACHMENT

SUPPORTING FACTS CONTINUE:

PIECE OF METAL. DEFENDANTS LVN. STELLA AND C/O MORENO BOTH WITNESSED PLAINTIFF'S ORAL

BLEEDING, THEN SUMMONED DEFENDENT SGT. LARSON. PLAINTIFF ADVISED DEFENDANT

LARSSON OF BEING SUICIDAL WITH A PLAN AND INTENT TO KILL MYSELF. I TOLD

DEFENDANT LARSSON THAT I PLAINTIFF SWALLOWED A SHARP METAL OBJECT TO FACILITATE SUCH.

(4) DEFENDANT STELLA INTERJECTED, STATING TO DEFENDANT LARSSON "DR. ARYA IS AWARE

AND ALREADY CLEARED. HIM TO TEACH HIM A LESSON ABOUT SWALLOWING THINGS."

DEFENDANT LARSSON THEN RESPONDED, "WELL I DONT WANT TO BE RESPONSIBLE SO I'm

TAKING HIM TO MEDICAL".

(5). DEFENDANT LARSSON THEN ESCORTED PLAINTIFF TO THE MEDICAL TRIAGE WHERE

DEFENDANT STEVEN PETERS REFUSED TO MEDICALLY EVALUATE PLAINTIFF, REITERATING

THAT "DR. ARYA IS TEACHING THESE GUYS A HARD LESSON ABOUT SWALLOWING THINGS

PAGE 3-B ATTATCHMENT

# CLAIM ONE

SUPPORTING FACTS CONTINUE:

SO HE'S CLEARED TO GO BACK TO HIS CELL". DEFENDANT LARSSON THEN TOLD DEFENDANT

STEVEN THAT ALSO REPORTED BEING SUICIDAL. DEFENDANT ARYA AND DEFENDANT STEVEN

GAVE ME A PILL TO COAT MY STOMACH AND REHOUSED ME BACK TO PSU WHERE I

WAS AGAIN MENTALLY ASSESSED BY DEFENDANT AXELMAN. I TOLD DEFENDANT

AXELMAN I WAS SUICIDAL WITH A PLAN AND INTENT TO KILL MYSELF AND THAT

I SWALLOWED A SHARP METAL OBJECT TO FACILITATE SUCH. DEFENDANT AXELMAN

TOLD PLAINTIFF "STOP WASTING MY TIME YOUR NOT FOOLING ANYONE YOUR GOING

BACK TO YOUR CELL & SO STOP BITCHING". DEFENDANT'S DR. ARYA, RN STEVEN, AND

PSYCHOLOGISTS AXELMAN ALL CLEARED PLAINTIFF BACK TO BE REHOUSED TO PSU CELL

WITHOUT X-RAY, EXTRACTION OF THE INJESTED METAL, OR CRISES INTERVENTION FOR SUICIDE PREVENTIO

PAGE 3-C ATTATCHMENT

CLAIM ONE

SUPPORTING FACTS CONTINUED:

WHEN DEFENDANT LARSSON WAS RELUCTANT TO REHOUSE PLAINTIFF TO PSU WITHOUT

TREATMENT, DEFENDANT STEVEN THEN SAID "I WILL SCHEDULE HIM FOR X-RAY IN 3-5 DAYS."

(6) SUBSEQUENT TO BEING REHOUSED TO PSU ON DECEMBER 11,2021 IN AN INCREASED SUICIDAL

STATE, PLAINTIFF MANAGED TO SWALLOW A SECOND SHARP METAL OBJECT WHICH LODGED IN

PLAINTIFFS UPPER TORSO. AT 18:00 MEDICATION DISTRIBUTION PLAINTIFF TOLD DEFENDANT

ALLYSSIA SUMOVIC OF THE DESCRIBED SUICIDAL ATTEMPT AND INCREASED STOMACH PAIN WHICH

HAD CAUSED MORE BLOOD TO DISCHARGE FROM PLAINTIFF'S MOUTH. DEFENDANT SUMOVIC THEN

GAVE PLAINTIFF A CDCR - 7362 REQUEST FOR HEALTH CARE SERVICE FORM AND SAID" FILL THIS OUT, BUT

ONLY MENTION YOUR STOMACH PAIN OR I'M NOT GOING TO PROCESS YOUR HEALTH CARE FORM." PLAINTIFF

THEN COMPLETED THE CDCR-7362 FORM AND GAVE IT TO DEFENDANT SUMOVIC.

PAGE 3-D ATTACHMENT

CLAIM | UNO

SUPPORTING FACTS CONTINUE:

ON DECEMBER 13th, 2021 PLAINTIFF HAD COMMENCED DISCHARGING BLOOD FROM THE RECTUM

AND WAS AGAIN ESCORTED TO THE MEDICAL TRIAGE BY DEFENDANT'S CAIN AND BARLLET

TO BE MEDICALLY EVALUATED BY DEFENDANT MOLY. DEFENDANT MOLY REFUSED TO PROVIDE ANY

MEDICAL AID OR SERVICES, REITERATING THE YOU NEED TO BE TAUGHT A LESSON ABOUT

SWALLOWING THINGS." AS THE BASIS, THEN WHEN PLAINTIFF REPORTED SUICIDAL TREND TO

DEFENDANT JIAN MA, BOTH DEFENDANT'S MOLY AND DR. JIAN MA CLEARED PLAINTIFF FOR

REHOUSE BACK TO PSU CELL WITHOUT X-RAY, EXTRACTION OF THE NOW (2) TWO INJESTED METAL,

OR CRISES INTERVENTION FOR SUICIDAL PREVENTION.

⑧.) ON DECEMBER 14th, 2021 DEFENDANT'S CAIN AND BARLLET CAME TO PLAINTIFF'S PSU CELL T

ISSUE PLAINTIFF A CLEAN PAIR OF BOXERS UNDER WEAR BECAUSE OF THE BLOOD DISCHARGE

AND TO ADVISE PLAINTIFF THAT DEFENDANT RN. STEVEN NEVER SCHEDULED AN X-RAY FOR PLAINTIFF

PAGE 3-E ATTATCHMENT

CLAIM ONE

SUPPORTING FACTS CONTINUE:

AS PURPORTED ON DECEMBER 11th, 2021. PLAINTIFF THEN AGAIN REPORTED SUICIDAL TREN~

TO DEFENDANTS CAIN AND BARLETT, BUT TO NO AVAIL.

(9). DEFENDANT SPARKS THEN CAME BY PLAINTIFFS PSU CELL WHERE PLAINTIFF ASKED

TO SPEAK WITH DEFENDANT. WHEN DEFENDANT SPARKS STOPPED TO SAY "WHATS UP"

PLAINTIFF SAID, "I'M SUICIDAL FROM SWALLOWING METAL FOUR DAYS AGO AND DISCHARGING BLOOD

I TOLD DEFENDANT SPARKS THAT I WAS SUICIDAL WITH A PLAN TO KILL MYSELF. DEFENDANT SPARK

RESPONDED I HEAR WHAT YOUR SAYING BUT THATS NOT MY PROBLEM YOUR NOT ON MY CASE LOAD.

DEFENDANT SPARKS WALKED AWAY AS IF SHE HEARD NOTHING OF PLAINTIFF'S REPORT.

(10). THEN LATER IN THE EVENING ABOUT 4:30 - 4:45 PM., DEFENDANT'S BROOKS AND CORNELL

CAME TO PLAINTIFFS PSU CELL WERE AGAIN REPORTED SWALLOWING (2) SHARP METALS IN SUICIDE A

PAGE 3 - F ATTACHMENT

SUPPORTING FACTS CONTINUED:

ATTEMPT, STOMACH PAIN, AND ORAL AND ANAL DISCHARGE OF BLOOD. DEFENDANT BROOKS

RESPONDED "I WILL LOOK INTO THIS", AS BOTH DEFENDANTS THEN DEPARTED. HOWEVER, ABOUT

30-40 MINUTES THEREAFTER, DEFENDANT BROOKS RETURNED TO ANNOUCE THAT PLAINTIFF

WOULD BE BROUGHT BACK TO MEDICAL TRIAGE FOR TREATMENT AND SUICIDAL ASSESSMENT.

(11.) ABOUT AN HOUR AFTER DEFENDANTS BROOKS SECOND DEPARTURE PLAINTIFF WAS MEDICALLY

EVALUATED BY DEFENDENT RN. BRENDA AT THE MEDICAL TRIAGE THEN TRANSPORTED TO

OUTSIDE HOSPITAL WHERE THE INJESTED METAL WAS EXTRACTED BY ENOSCOPY SCOPE, AND

PLAINTIFF RETURNED TO CSP-SACRAMENTO AND WAS THEN SUBSEQUENTLY ADMITTED

INTO CRISES BED FOR SUICIDE PREVENTION.

(12.) THE FIVE DAY DELAY IN IGNORING SHARP METALS DEFENDANTS, AND EACH OF THEM, WELL

KNEW WAS LODGED IN PLAINTIFFS DIGESTIVE TRACK SYSTEM FROM SUICIDAL TREND CAUSED

PERMANENT DAMAGE TO PLAINTIFFS STOMACH LININGS.

PAGE 3-6 ATTATCHMENT

CLAIM ONE

SUPPORTING FACTS CONTINUE:

VERIFICATION

I DO HEREBY DECLARE THAT I HAVE READ THE FORGOING ABOVE AND THAT

THE MATTERS CONTAINED THEREIN ARE TRUE AND CORRECT UNDER PENALTY OF PERJURY

UNDER LAWS OF THE STATE OF CALIFORNIA THIS 19th DAY OF FEBURARY, 2023

AT CORCORAN, CALIFORNIA

TYRONE MERVYN MOGUEL JR.

PLAINTIFF / IN PROSE:
DECLARANT:

PAGE 3 - H ATTACHMENT

## CLAIM II

1. State the constitutional or other federal civil right that was violated: _____
_____

2. **Claim II.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Claim II?            ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?   ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

4

## CLAIM III

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Claim III.** Identify the issue involved. **Check only one.** State additional issues in separate claims.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Claim III?  ☐ Yes  ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level?  ☐ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

## E. REQUEST FOR RELIEF

State the relief you are seeking:

(1) A DECLARATION THAT THE ACTS AND THE OMMISSIONS OF DEFENDANTS VIOLATED PLAINTIFFS RIGHTS UNDER THE LAWS OF THE STATE OF CALIFORNIA, THE UNITED STATES, AND THE US. CONSTITUTION: (2) PUNITIVE DAMAGES ACCORDING TO PROOF IN THE AMOUNT OF $20,000 TWENTY THOUSAND DOLLARS FROM EACH DEFENDANT: (3) COMPENSATORY DAMAGES ACCORDING TO PROOF IN THE AMOUNT OF $10,000 TEN THOUSAND DOLLARS FROM EACH DEFENDANT (4) GRANT PLAINTIFF'S DEMAND FOR JURY TRIAL AND (5) ANY SUCH OTHER RELIEF THIS COURT DEEMS JUST AND PROPER:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   2 - 19 - 23
              DATE                                              SIGNATURE OF PLAINTIFF


(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


(Signature of attorney, if any)


(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

## ADA/Effective Communication Patient Summary

**As of:** 01/06/2022 07:53

### Patient Information

**NAME:** MOGUEL, TYRON
**CDCR:** AU4689

#### Disability Placement Program

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:** 10/28/21
10:25:22 PDT

**Current Housing Restrictions/Accomodations:**
  * Bottom Bunk

#### Methods of Communication

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

#### Developmental Disability Program

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

### Testing of Adult Basic Education (TABE)

**TABE Score:** 07.4

**TABE Date:** 02/23/2018 00:00

#### Learning Disabilities

**Learning Disabilities:**

#### English Proficiency

**LEP:** No

**Primary Language:** English

#### Durable Medical Equipment

**Current ISSUED DME:**
  * Non-invasive Airway Assistive Devices (C-Pap)
Permanent
  * Other Temporary:grip strength /stress ball L hand

**Dental Prosthetic:**

**Dental Prosthetic Date:**

### MHSDS

**MHLOC:**   EOP

RECEIVED
HCCAB
APR 15 2022



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Institutional Level Response**

**Closing Date:**        APR 1 1 2022

**To:**        MOGUEL, TYRON (AU4689)
B 007 1008001LP
California State Prison – Sacramento
P.O. Box 290001
Represa, CA 95671-0002

**Tracking #:**    SAC HC 22000008

## RULES AND REGULATIONS
The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue:    Scheduling ( Wait Time ) | You claim medical staff delayed you receiving medical attention for foreign body ingestion. |
| Issue:    Staff Complaints ( Deliberate Indifference ) | Allegations of deliberate indifference. |
| Issue:    Staff Complaints ( Discrimination ) | Allegations of discrimination. |
| Issue:    Administrative ( Legal ) | "Coleman injunction against CDCR;" "Plata class action." |
| Issue:    Administrative ( Monetary Compensation ) | Compensation and damages. |
| Issue:    Non-Medical/Custody ( Not Our Jurisdiction (NOJ) ) | Allegations against custody staff. |

## INTERVIEW
On March 29, 2022, you were interviewed by F. Britton, registered nurse (RN), regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.        [ ] Intervention.

---

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

RECEIVED
HCCAB
APR 15 2022

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate you are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider (PCP) has discussed the plan of care with you.

Your medical records indicate that you were transferred to the Treatment and Triage Area (TTA) on December 10, 2021 for foreign body ingestion (FBI). The on-call PCP was notified via telephone call, and it was noted that you reported swallowing foreign bodies. On examination of the oral area there were no scratches in the throat. The examination also noted that your vital signs and abdomen were stable, with no signs or symptoms of complications. The PCP recommended observing you for two hours to establish stability, and then check for the size and location of the foreign bodies with an x-ray as soon as possible. The PCP also recommended daily examinations by nursing staff to monitor for complications for five days. The PCP noted that you may be referred to mental health after the observation was completed for evaluation of self-injurious behavior. You were seen by mental health staff for a Suicide Risk and Self-Harm Evaluation the same day, December 10, 2021.

On December 11, 2021 you were seen in the TTA for follow-up related to FBI. It was noted that your vital signs were stable and the examination of your abdomen noted that it was soft, diffusely tender, but with no rebound. It was documented that you ate food that morning without any vomiting, and there was no report of hematemesis or rectal bleeding. You were complaining of diffuse abdominal pain, and the PCP recommended starting Protonix and Carafate for two weeks and continued monitoring, with an x-ray to be completed.

On December 12, 2021, you were seen by the registered nurse (RN) for follow-up related to FBI. Per documentation from the RN your abdomen was soft and non-distended, and your pain was 5/10 on palpation.

On December 13, 2021, you were attending mental health group, at which time you had complaints of abdominal pain, and you were escorted to the medical area. You were seen on the RN line on December 13, 2021, and it was noted that your abdomen was tender to palpation on the left and right upper abdomen. The PCP was notified and it was documented that you had an existing order for an x-ray.

On December 14, 2021 the PCP was contacted via telephone by TTA nursing staff, and it was noted that you had complaints of worsening abdominal pain with vomiting for two days. You stated that you swallowed foreign bodies (batteries and wires) on December 10, 2021, and then again on December 11, 2021. Since that time you had been complaining of abdominal pain even though your physical examination by nursing staff showed no evidence of pain. The PCP advised that you be sent out Code 1 to San Joaquin General Hospital (SJGH) for an imaging study to rule out possible serious intra-abdominal pathology.

Imaging studies were completed at SJGH on December 15, 2022, including x-ray of abdomen and CT scan of abdomen/pelvis. While at SJGH, an esophagogastroduodenoscopy (EGD) was performed and the foreign body was removed. You returned from the hospital on December 16, 2021.

The health and safety of our population is of critical importance to the California Department of Corrections and Rehabilitation and California Correctional Health Care Services. While our agency is working together to appropriately respond to the COVID-19 crisis, we will continue to provide urgent and emergent health care services. To reduce risks to both patients and staff, inmate movement will be minimized. In addition, some specialty and routine care may be delayed as a result of both internal redirections and external closures. All cancelled appointments will be rescheduled as soon as safely possible. If you have health care needs, you may

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

RECEIVED
HCCAB
APR 15 2022

access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

California Correctional Health Care Services makes every effort to ensure patients receive timely access to the full range of necessary health care services. In order to improve the overall quality and efficiency of health care services and outcomes, California Correctional Health Care Services includes the appropriate personnel and organizational functions to identify and address barriers to care, including staffing, lockdowns, restricted movement, fog lines, and backlogs.

You alleged negligent care; however, your allegation is refuted by professional health care staff familiar with your health care history, as well as a review of your health record. While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

You alleged that you were discriminated against, but you failed to state facts, specify an act, or provide documentation consistent with the allegation. Future health care grievances that are submitted that make a general allegation may be subject to rejection per California Code of Regulations, Title 15, Section 3999.234(a)(1).

There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures. Treatment determined to be medically or clinically indicated for another patient may not be determined to be appropriate for you; this does not constitute a violation of your right to impartial access to medically or clinically necessary health care.

You have the right to exhaust your administrative remedies or file a civil action. It is your personal responsibility to obtain legal counsel if you so choose. The Prison Litigation Reform Act (42 U.S.C § 1997e[a]) states: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Monetary compensation is outside the jurisdiction of the health care grievance process.

Your complaints against custody staff are not health care services issues over which California Correctional Health Care Services has jurisdiction. As such, your concerns should be addressed through the appropriate custody channels at your institution.

Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

Due to the Centers for Disease Control and Prevention recommendation for social distancing during the COVID-19 pandemic, signatures on health care grievance response letters may be electronic and other notations on the CDCR 602 HC, Health Care Grievance, may be missing. This does not indicate the health care grievance was not completely processed per California Code of Regulations, Title 15, Chapter 2, Subchapter 2, Article 5.

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

RECEIVED
HCCAB
APR 16 2022

**CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES**

T.MOGUEL, AU4689
SAC HC 22000008
Page 4 of 4

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

*Manjula Bobbala*

M. Bobbala, M.D.
Chief Medical Executive
California State Prison – Sacramento

4/7/2022
_____
Reviewed and Signed Date

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

RECEIVED
HCCAB
APR 15 2022

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #: SAC HC 22000008

| SECTION B: | Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section B of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

use new form

Grievant Signature:                                          Date Submitted:

**HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only**          Is a CDCR 602 HC A attached?   ☐ Yes   ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction)      Date: _____      Date: _____

☐ Withdrawn (see section C)

☐ Accepted

Interview Conducted?   ☐ Yes   ☐ No   Date of Interview: _____      Interview Location: _____

Interviewer Name and Title (print): _____      Signature: _____      Date: _____

| Disposition: See attached letter | ☐ Intervention | ☐ No Further Intervention | ☐ No Intervention |
|---|---|---|---|

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant:

SECTION C:   Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason:

Grievant Signature:                                          Date Submitted:

Staff Name and Title (Print):                    Signature:                          Date:

RECEIVED SAC JAN 0 6 2022 HCGO

REJECTED SAC JAN 2 1 2022 HCGO

RECEIVED SAC FEB 0 9 2022 HCGO

STAFF USE ONLY

COMPLETED SAC APR 1 3 2022 HCGO

RECEIVED HCCAB APR 1 5 2022

COMPLETED HCCAB JUL 0 7 2022

Distribution: Original - Returned to grievant after completed; Scanned Copy - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**                                                                                  Page 1 of 2
CDCR 602 HC (Rev. 06/17)

| STAFF USE ONLY | Expedited? | ☐ Yes | ☐ No | Institution: | Tracking #: |
|---|---|---|---|---|---|
| | | | | | SAC HC 22000008 |

| Staff Name and Title (Print) | Signature | Date |
|---|---|---|

**If you think you have a medical, mental health or dental emergency, notify staff immediately.** If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): | CDCR #: | Unit/Cell #: |
|---|---|---|
| MOGUEL, TYRON | AU4689 | A2-118 |

| **SECTION A:** | Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy. |
|---|---|

ISSUE'S (1) DELIBERATELY INDIFFERENT TO SERIOUS MEDICAL NEEDS (2) RECKLESS INTENTUALLY
DELAYING SERIOUS MEDICAL NEEDS AN ATTENTION TO INTERNAL-PAINFUL STOMACH INJUREES
BY METAL FOREIGN OBJECT INGESTED DURING CRISES OF A "COLEMAN CLASS ACTION CERTIFIED
PROTECTED MEMBER" - RESULTING IN PROXIMATE CAUSES OF MY INJUREES AS IS CUSTOM
AND PRACTICE of CSP-SACRAMENTO - MEDICAL STAFF AS NAMED: LVN STELLA, RN. STEVE
PCP DR. ARYA, RN. MOLY, PCP DR. MOAU, RN. BRENDA, PT. CORNELL PHYC. DR. BROOTS PHYC. DR.
CORREAGA, I DON'T KNOW HIS NAME BUT THE CSP-SAC X-RAY TECHNITION AND LVN. SOMA.

*If you need more space, use Section A of the CDCR 602 HC A*

☐ **Supporting Documents:** Refer to CCR 3087.2. List supporting documents attached:

☑ No, I have not attached any supporting documents. Reason: I NEED MY OLSEN REVIEW FOR MY MEDICAL FILE.

| Grievant Signature: | Date Submitted: 12-26-2021 |
|---|---|

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.

| HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | | Is a CDCR 602 HC A attached? ☑ Yes ☐ No |
|---|---|---|

This grievance has been:                    **use new form**

☐ Rejected (See attached letter for instruction):  Date: _____  Date: _____

☐ Withdrawn (see section C)

| ☐ Accepted | Assigned To: | Title: | Date Assigned: | Date Due: |
|---|---|---|---|---|

| Interview Conducted? | ☐ Yes ☐ No | Date of Interview: | Interview Location: |
|---|---|---|---|

| Interviewer Name and Title (print): | Signature: | Date: |
|---|---|---|

| Reviewing Authority Name and Title (print): | Signature: | Date: |
|---|---|---|

| **Disposition:** See attached letter | ☐ Intervention | ☐ No Further Intervention | ☐ No Intervention |
|---|---|---|---|

*If dissatisfied with Institutional Level Response, complete Section B.*

| HCGO Use Only: Date closed and mailed/delivered to grievant: | APR 11 2022 |
|---|---|

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☒ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments:

RECEIVED SAC JAN 06 2022 HCGO

REJECTED SAC STAFF USE ONLY JAN 21 2022 HCGO

RECEIVED SAC FEB 09 2022 HCCAB HCGO

COMPLETED SAC APR 11 2022 HCGO

JUL 07 2022

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE ATTACHMENT**                                              Page 1 of 2
CDCR 602 HC A (06/17)

| STAFF USE ONLY |
| --- |

Institution:                    Tracking #:
SAC  HC  22000008

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
| --- | --- | --- |
| MANUEL, TYRAN | AU4684 | A2-118 |

**SECTION A** | Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy) :

The defendents AND C/O-SAC CUSTODIAL STAFF AS NAMED: C/O MORENO, STA. LARSSON C/O BRILLET, C/O G. CAEN, AND A #### C/O I CANT RECALL HES NAME AT THIS TIME. ALL INTERFERRING, IMPLODEING MY CONSTITUTIONAL 8th AMENDMENT RIGHT TO MEDICAL ATTENTION AND VIOLATING MY 8th LEVEL-RIGHTS PURSUANT TO THE 8th, 14th AMENDMENT. DUE PROCESS CLAUSE GURANTEEING PROHIBITION OF A+CRUEL AND UNUSUAL PUNISHMENT AND VIOLATING Cal Gov Code 33 51.2, 52.1 WHILE WORKING ON DUTY UNDER THE COLR OF STATE LAW - VIOLATING #### APPELLANTS CIVEL RIGHTS, AND Calif. INJUNCTION AGAINST Cdcr. AND Plata Class ACTION - MEDICAL SUIT AGAINST Cdcr. AND RESPONDANTS CSP-SAC - MEDICAL HAVE NO IMMUNITY FROM SUIT. AS Cdcr. FACILITIES ARE IN THE FEDERALLY FUNDED PROGRAM AND UNDER THE REHABILITATION ACT OF 1973. EXCLUDES Prison EMPLOYEES from SHIELD OF IMMUNITY - MEDICAL INCLUDED. AND DUE TO I HAVE A MENTAL IMPAIRMENT DISABILITY I'M COVERED UNDER ADA.

Grievant Signature: _____                    Date Submitted: 12-26-2021

**SECTION B** | Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section B only (Dissatisfied with Health Care Grievance Response) :

USE new Bem

Grievant Signature: _____                    Date Submitted: _____

RECEIVED  REJECTED  RECEIVED  COMPLETED  RECEIVED  COMPLETED
SAC        SAC       SAC                  HCCAB            HCCAB
JAN 0 6 2022  JAN 2 1 2022  FEB 0 9 2022        APR 1 7 202  MAR 1 5 2022  JUL 0 7 2022
YCGO       YCGO      YCGO     HCCO    HCCAB

**STAFF USE ONLY**

Institution:                    Tracking #:

SAC    HC   22000008

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
|---|---|---|
| MIGUEL TYRON | AU4689 | A2-118 |

**SECTION A** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy) :

AND DUE TO MEDICAL DISCRIMINATED AGAINST ME BY CLAIM of MY DISABILITY, AND EXCLUDED
ME FROM MEDICAL SERVICES I WAS INJURED DUE TO BEING DISCRIMINATED ALAINST. THUS
THIS BREACH OF DUTY BY HEREIN RESPONDANTS WARRANT RELEF RELIEF, COMPENSATION AND
DAMAGES TO CORRECT THE UNLAWFUL WRONGS

Grievant Signature: _____                    Date Submitted: 12-26-2021

**SECTION B** Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section B only (Dissatisfied with Health Care Grievance Response)

use new form

Grievant Signature: _____                    Date Submitted: _____

RECEIVED SAC JAN 06 2022 YCGO

REJECTED SAC JAN 21 2022 HCGC

RECEIVED SAC FEB 09 2022 YCGO

COMPLETED SAC APR 11 2022 HCGO

RECEIVED HCCAB APR 15 2022

COMPLETED HCCAB JUL 07 2022

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #:  SAc HC 2200000 &

**SECTION C:** Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758.

**Grievant Signature:** | **Date Submitted:**

**SECTION D: HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only**    Is a CDCR 602 HC A attached? ☒ Yes  ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction)    Date:            Date:

☐ Withdrawn (see section E)  ☒ Accepted

☐ Amendment   Date:

Interview Conducted?   ☐ Yes  ☒ No   Date of Interview:        Interview Location:

Interviewer Name and Title (print):         Signature:            Date:

**Disposition:** See attached letter   ☐ Intervention          ☒ No Intervention

*This decision exhausts your administrative remedies.*

**HQ Use Only:** Date closed and mailed/delivered to grievant:   JUL 07 2022

**SECTION E:** Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason:

**Grievant Signature:** | **Date Submitted:**

**Staff Name and Title (Print):** | **Signature:** | **Date:**

COMPLETED HCCAB JUL 07 2022

**STAFF USE ONLY**

Distribution: Original - Returned to grievant after completed; Scanned Copy - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.

136

. OF CALIFORNIA
. ..LTH CARE GRIEVANCE
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? | ☐ Yes | ☑ No | Tracking #: |
|---|---|---|---|---|

SAC HC 22000008

F. Kopi HCARN
Staff Name and Title (Print)

M. Zango, HCARN
Signature

01/06/22
Date

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): | CDCR #: | Unit/Cell #: |
|---|---|---|
| Moguel Tyron | AU4689 | A2-118 |

**SECTION A** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

SEE ATTACHED
CDC-1824/602

Supporting Documents Attached. Refer to CCR 3999.227  ☐ Yes   ☐ No

Grievant Signature: _____    Date Submitted: _____

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. [ ]

**SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only    Is a CDCR 602 HC A attached? ☑ Yes   ☐ No

This grievance has been:

☑ Rejected (See attached letter for instruction):  Date: JAN 2 1 2022    Date: _____

☐ Withdrawn (see section E)

☑ Accepted    Assigned To: F. Button HCAPN    Title: HCAPN    Date Assigned: 02/17/2022  Date Due: 04/15/2022

Interview Conducted?  ☑ Yes  ☐ No   Date of Interview 3/29/22    Interview Location: _____

Interviewer Name and Title (print): F. Button RN    Signature: F. Button LW    Date: 3/29/22

Reviewing Authority
Name and Title (print): M. Bobbala, MD, CME    Signature: _____    Date: _____

**Disposition:** See attached letter    ☐ Intervention    ☑ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant:    APR 1 1 2022

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE above ≤ 4.0 | ☑ Additional time | ☑ Patient asked questions. |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☑ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☐ Attached |
| ☑ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: tabe 7.4

RECEIVED
SAC
JAN 0 6 2022
HCGO

REJECTED
STAFF USE ONLY
JAN 2 1 2022
HCGO

RECEIVED
SAC
FEB 0 9 2022
YCGO

COMPLETED
SAC
APR 1 1 2022
HCGO

## ADA/Effective Communication Patient Summary

As of: 01/21/2022 09:22

### Patient Information

**NAME:** MOGUEL, TYRON
**CDCR:** AU4689

### Disability Placement Program

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:** 10/28/21 10:25:22 PDT

**Current Housing Restrictions/Accomodations:**
* Bottom Bunk

### Methods of Communication

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

### Developmental Disability Program

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

### Testing of Adult Basic Education (TABE)

**TABE Score:** 07.4

**TABE Date:** 02/23/2018 00:00

### Learning Disabilities

**Learning Disabilities:**

### English Proficiency

**LEP:** No

**Primary Language:** English

### Durable Medical Equipment

**Current ISSUED DME:** Non-invasive Airway Assistive Devices (C-Pap) Permanent

**Dental Prosthetic:**

**Dental Prosthetic Date:**

### MHSDS

**MHLOC:** EOP

RECEIVED
HCCAB
APR 1 5 2022

 

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

**Headquarters' Level Response**

**Closing Date:**    JUL 0 7 2022

**To:**        MOGUEL, TYRON (AU4689)
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696-2000

**From:**      California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:**   SAC HC 22000008

## RULES AND REGULATIONS
The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Administrative (Monetary Compensation) | Compensation and damages. |
| Issue: | Staff Complaints (Discrimination) | Allegations of discrimination. |
| Issue: | Staff Complaints (Deliberate Indifference) | Allegations of deliberate indifference. |
| Issue: | Scheduling (Wait Time) | You claim medical staff delayed medical attention for foreign body ingestion. |
| Issue: | Non-Medical/Custody (Not Our Jurisdiction (NOJ)) | Allegations against custody staff. |

## HEADQUARTERS' LEVEL DISPOSITION

☒ No intervention.    ☐ Intervention.

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.

Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758

**BASIS FOR HEADQUARTERS' LEVEL DISPOSITION**

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. You are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider has discussed the plan of care with you. Your health records support you have received evaluation and treatment for a history of foreign body ingestion, including a December 2021 occurrence, as determined medically necessary, including, but not limited to, Triage and Treatment Area evaluations, referrals to an outside hospital, mental health referrals, suicide risk and self-harm evaluations, primary care provider evaluations, nursing assessments, and diagnostic imaging.

On December 15, 2021, a esophagogastroduodenoscopy was completed and a foreign body was removed. Your chart was reviewed by the primary care provider on December 20, 2021, who noted you had no emergent issues.

You are enrolled in the Mental Health Services Delivery System at the Psychiatric Inpatient Program acute level of care. You have been provided with the opportunity to access mental health services and clinical staff regarding your stated issues. Your mental health condition will continue to be monitored consistent with treatment guidelines, as outlined in the Mental Health Services Delivery System Program Guide.

The responsibilities of overall treatment planning within the Mental Health Services Delivery System rest with an Interdisciplinary Treatment Team. These responsibilities include formulation and approval of individualized treatment plans including a diagnosis, identified problems, treatment objectives measurable in behavioral terms, housing recommendations, property recommendations at the inpatient level, and level of care determinations. In consultation with the Interdisciplinary Treatment Team, the Primary Clinician develops an individualized treatment plan for all Mental Health Services Delivery System patients. Treatment plans are based on current assessments from all disciplines and with as much participation from the patient as possible. The patient shall be included in the Interdisciplinary Treatment Team, unless the patient refuses to participate. While it is best if the treatment team and patient agree, unanimity is not required.

There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures.

California Correctional Health Care Services takes your complaint against any personnel seriously and all efforts are made to ensure these matters are researched and responded to accordingly. However, it is not in the purview of grievants to dictate administrative actions regarding health care grievance review, disciplinary measures, or adverse action against staff. Further, all such personnel actions are confidential and will not be shared with inmates, staff, or the public.

While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

Allegations against custody staff are not health care services issues over which California Correctional Health Care Services has jurisdiction. As such, your concerns should be addressed through the appropriate custody channels at your institution.

Per California Code of Regulations, Title 15, Section 3004(a), "Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA 95758

MCDOUGLE, AU4689
SAC HC 22000008
Page 3 of 3

in the same manner." Additionally, per the Health Care Department Operations Manual, Section 2.1.1, Patients' Rights, the individual patient's rights are maintained in concurrence with established medical ethics and to preserve the basic human dignity of the patient. Certain rights may be limited by reasonable application of security regulations.

Monetary compensation is outside the jurisdiction of the health care grievance process.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

p.p. _(signature)_

Digitally signed by HCCAB
Date: 2022.07.06 12:57:49
-07'00'

July 6, 2022

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

Reviewed and Signed Date

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

Tracking # SAC HC 22008008

| STAFF USE ONLY | Grievants **do not write** in this area. Grievance Interview Clarification: Document issue(s) clarified during interview |
|---|---|

Use new form

**Staff Name and Title:** _____

**Signature:** _____                    **Date:** _____

RECEIVED
SAC
JAN 0 6 2022
HCGO

REJECTED
SAC
JAN 2 1 2022
HCGO

RECEIVED
SAC
FEB 0 9 2022
HCGO

COMPLETED
SAC
APR 1 1 2022
HCGO

RECEIVED
HCCAB
APR 1 5 2022

COMPLETED
HCCAB
JUL 0 7 2022

Distribution: Original - Returned to grievant after completed. **Scanned Copy -** Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

**STAFF USE ONLY**

Tracking #:

SAC HC 22000008

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First, MI):

Moquel  Tyron

| CDCR Number: | Unit/Cell Number: |
|---|---|
| AU 4689 | A-2-118 |

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

SEE ATTACHED
CDC-1824/602-A

**Grievant Signature:** _____   **Date Submitted:** _____

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

**Name and Title:** _____   **Signature:** _____   **Date:** _____

RECEIVED
SAC
JAN 0 6 2022
HCGO

REJECTED
SAC
JAN 2 1 2022
HCGO

RECEIVED
SAC
FEB 0 9 2022
HCGO

COMPLETED
SAC
APR 1 1 2022
HCGO

RECEIVED
HCCAB
APR 1 5 2022

COMPLETE
HCCAB
JUL 0 7 2022

# CIVIL COVER SHEET (E-FILING FROM CDCR ONLY)

This civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized by the Standing Order signed by the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated at Participating Institutions", and approved by the Clerk of the Court. This civil cover sheet is required on all cases filed by Plaintiffs housed at institutions participating under the e-filing program pursuant to the Standing Order and necessary for the purpose of initiating the civil case.

**I. PLAINTIFF**
*(to be Completed by Plaintiff)*

TYRONE MERVYN MOGUEL JR.

**II. DEFENDANT(S)**
*(to be Completed by Plaintiff)*

RAMADAN ARYA,
MOLY THEKKAKARA,
STEVEN PETERS,
LORI CHESTER,
MICHEAL AXELMAN,
MATTHEW McGRIEEN
ALYSSIA SUMOVIL
SPARKS

**III. INSTITUTION BEING E-FILED FROM**
*(To be Completed by CDCR Staff Member)*

CDCR Institution Abbreviation Code _____

**IV. SENDER INFORMATION**
*(to be Completed by CDCR Staff Member)*

SENDER: _____          _____
        *(Please SIGN Name)*                  *(Please PRINT Name)*

DATE SCANNED & EMAILED: _____

**V. IF CIVIL COMPLAINT CANNOT BE E-FILED ONLY**
*(to be Completed by CDCR Staff Member)*

☐  *This civil complaint, and other initial filing documents authorized by the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated at Participating Institutions" is authorized to be filed through the U.S. mail and accepted by the Clerk of the Court without the need to be electronically filed because the digital sender/scanner was down for more than 48 hours. See Standing Order at ¶ 2.*

DATED: _____

_____          _____
*(Please SIGN Name)*                  *(Please PRINT Name)*

*Institution Abbreviation Code:* _____

*See Reverse Side for "Instructions To Plaintiffs Participating In E-Filing Program At Participating CDCR Facilities"*