UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE MERVYN MOGUEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARYA, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-1082 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his Eighth Amendment rights when they denied him adequate medical care. Before the court is plaintiff's unopposed motion to amend the complaint and his first amended complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to amend the complaint and finds plaintiff has stated some potentially cognizable claims. Plaintiff will be given the choice of proceeding on those claims or filing a second amended complaint.

**BACKGROUND**

In his complaint, plaintiff alleged he attempted suicide by swallowing sharp metal objects. When he informed defendants that he had done so, they failed to treat him. On screening plaintiff's complaint, this court found he stated potentially cognizable Eighth Amendment claims against defendants Lung, Arya, Somo, Steve, Moly, Muau, and Corrzaga. On August 24, 2022,

1

1    the court ordered service of the complaint on defendants Lung, Arya, Somo, Steve, Moly, Muau,
2    and Corrzaga through the court's e-service program.  In response, CDCR filed a notice that
3    defendants Arya and Moly Thekkekara would waive service of process without the need for
4    personal service.  (ECF No. 14.)  With respect to defendants Lung, Somo, Steve, Muau, and
5    Corrzaga, CDCR notified the court that it was unable to identify these defendants.  (ECF No. 15.)
6    In an order filed December 5, 2022, this court informed plaintiff that if he wished to pursue an
7    action against defendants Lung, Somo, Steve, Muau, and Corrzaga, he must provide service
8    documents with additional information identifying those defendants.  (ECF No. 25.)
9         On January 30, 2023, plaintiff provided the court with completed USM-285 forms, copies
10   of the complaint, and a summons form.  However, plaintiff identifies the defendants in those
11   documents as Lorz Chester, Jian Ma, Steven Peters, Sumovzc Alysia, and Sparks.  These are not
12   the names of defendants identified in plaintiff's complaint and for whom this court ordered
13   service.  This court informed plaintiff that if he wished to proceed against any defendants besides
14   Arya and Moly Thekkekara, he must either seek to amend the complaint or provide updated
15   service documents for Lung, Somo, Steve, Muau, and Corrzaga.
16        On March 1, 2023, plaintiff filed a motion to amend the complaint and a first amended
17   complaint.  Defendants Arya and Moly Thekkekara do not oppose the motion.  Plaintiff's motion
18   to amend the complaint will be granted.

**SCREENING**

20        As described in this court's prior screening order, the court is required to screen
21   complaints brought by prisoners to determine whether they sufficiently state claims under 42
22   U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual
23   basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28
24   (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each
25   defendant and the deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658
26   (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the
27   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
28   ////

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. First Amended Complaint**

Plaintiff identifies eight defendants in the caption to his first amended complaint ("FAC"). In addition to the two current defendants, Primary Care Provider Arya, M.D., and Registered Nurse Thekkekara, plaintiff identifies: (1) Registered Nurse Steven Peters, (2) Licensed Vocational Nurse Alyssia Sumovic; (3) Registered Nurse Lori Chester, (4) Psychologist Michael Axelman, (5) Clinical Social Worker Matthew McGriifen, and (6) Sparks, M.D.. (ECF No. 35.) As described below, plaintiff identifies additional defendants in the body of his complaint.

Plaintiff alleges the following. On December 10, 2021, plaintiff swallowed a sharp metal object. He was immediately taken to be medically evaluated by defendant Chester and psychologically evaluated by defendant McGriifen. Plaintiff told these defendants what he had done and that he was suicidal. However, both told him defendant Arya had instructed that plaintiff be observed and then returned to his cell. Plaintiff was told that Arya wanted to teach plaintiff a lesson about swallowing things. Plaintiff was returned to his cell without medical treatment or crisis intervention.

The next morning, after spending the night in pain, plaintiff was bleeding from the mouth. He told "Stella, Neri" and Moreno that he was suicidal and had swallowed a sharp object. Stella and Moreno told Sgt. Larsson. Larsson escorted plaintiff to the medical unit.

At the medical unit, defendant Peters refused to examine plaintiff, telling him that Arya was teaching plaintiff a lesson about swallowing things. After being returned to his cell, plaintiff was examined by defendant Axelman. Plaintiff told Axelman about swallowing the objects and that he was suicidal. Axelman accused plaintiff of lying and sent him back to his cell.

Plaintiff then swallowed a second sharp metal object. By December 13, plaintiff was also bleeding from the rectum. During this time, and until December 15, plaintiff informed defendants Sumovic, Cain, Barlett, Ma, Thekkekara, Sparks, Brooks, Cornell, and Brenda that he had swallowed metal objects, was bleeding, and was suicidal. Sumovic told plaintiff to fill out a medical request form. Plaintiff informed Cain and Barlett "to no avail." Ma and Thekkekara saw

1    plaintiff in the medical triage area but refused to provide plaintiff any medical services.  Sparks

2    told plaintiff it wasn't her problem.  Brooks had plaintiff taken to the medical triage unit.  Brenda

3    evaluated plaintiff and had him sent to an outside hospital where the metal objects were extracted.

4    When plaintiff was returned to the prison, he was placed in a crisis bed for suicide prevention.

5    Plaintiff states that as the result of the five-day delay in treatment, he suffered pain and

6    permanent damage to his stomach lining.

7    **II. Does Plaintiff State Potentially Cognizable Claims?**

8    Initially, the court notes that plaintiff identifies everyone in the body of his complaint as a

9    defendant.  Many are not identified as such in the caption.  Because plaintiff is pro se, and this

10   court must consider his pleading liberally, this court considers whether plaintiff states potentially

11   cognizable claims against all of the people described as defendants.

12   To state an Eighth Amendment claim regarding medical care, plaintiff must allege facts

13   showing a defendant was deliberately indifferent to his serious medical needs.  See Estelle v.

14   Gamble, 429 U.S. 97, 106 (1976).  Plaintiff has alleged potentially cognizable claims that the

15   following defendants violated his Eighth Amendment rights after he told them he had swallowed

16   a sharp metal object and was suicidal and they could have, but failed to, take any actions to help

17   him:  Arya, Peters, Axelman, Ma, Thekkekara, and Sparks.

18   Plaintiff fails to allege potentially cognizable claims against the remaining defendants.

19   Plaintiff alleges that defendants Stella, Moreno, Larsson, Sumovic, Brooks, and Brenda all took

20   actions to help him receive, not deny him, medical care.  Plaintiff does not allege any action or

21   inaction by defendant Cornell.  Plaintiff's allegations show that defendants Chester and

22   McGriifen examined him but deferred to plaintiff's primary care physician's orders for his care.

23   Plaintiff fails to show these defendants could have overridden Arya's orders at that point.

24   Plaintiff's allegations that he informed Cain and Barlett "to no avail" is not sufficiently specific to

25   state a claim for deliberate indifference.

26   Plaintiff also labels his allegations as stating claims for discrimination based on his mental

27   disability.  The Equal Protection Clause requires that persons who are similarly situated be treated

28   alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v.

4

1  Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013).  An equal protection
2  claim may be established by showing that defendants intentionally discriminated against plaintiff
3  based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly
4  situated individuals were intentionally treated differently without a rational relationship to a
5  legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008).
6  Plaintiff fails to allege facts showing that defendants' actions were motivated by an intent to
7  discriminate against plaintiff because he is disabled or that plaintiff was treated differently than
8  similarly situated prisoners.

### III. Conclusion

Plaintiff has stated potentially cognizable Eighth Amendment medical claims against defendants Arya, Peters, Axelman, Ma, Thekkekara, and Sparks.  Plaintiff fails to state claims against defendants Stella, Moreno, Larsson, Sumovic, Brooks, Brenda, Cornell, Chester, McGriifen, Cain, and Barlett.  Further, plaintiff fails to state any claims under the Equal Protection Clause.  This court also notes that plaintiff has not made any allegations against defendants Lung, Somo, Steve, Muau, and Corrzaga.  This court assumes plaintiff chose to remove these defendants from this action and will order the Clerk of the Court to terminate them from this case.

Plaintiff will be given a choice.  He may either proceed on the potentially cognizable Eighth Amendment claims identified above or he may file a second amended complaint to attempt to allege additional claims.  Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff

need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to amend the complaint (ECF No. 34) is granted.

2. In the first amended complaint, plaintiff has stated potentially cognizable Eighth Amendment claims against defendants Arya, Peters, Axelman, Ma, Thekkekara, and Sparks.

3. Plaintiff's other claims are dismissed with leave to amend.

4. Plaintiff may choose to proceed on the cognizable claims set out above or he may choose to file a second amended complaint.

     5.  Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

     6.  Plaintiff is warned that failure to comply with this order may result in a recommendation that this action be dismissed.

     7.  The Clerk of the Court is instructed to terminate the following defendants from the docket:  Lung, Somo, Steve, Muau, and Corrzaga.

Dated:  April 12, 2023

DEBORAH BARNES  
UNITED STATES MAGISTRATE JUDGE

DLB:9  
DB Prisoner Inbox/Civil Rights/S/mogu1082.FAC lta or proceed

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE MERVYN MOGUEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARYA, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-1082 DB P<br><br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_　Plaintiff wants to proceed immediately on his Eight Amendment medical claims against defendants Arya, Peters, Axelman, Ma, Thekkekara, and Sparks.  Plaintiff understands that by going forward without amending the first amended complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_　Plaintiff wants to amend the first amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Tyrone Mervyn Moguel, Plaintiff

8